# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.  ) <br> ) <br> DERRICK FRASIER, ) <br> ) <br>     Defendant. ) | Case No. CR495-262 |

## ORDER

Convicted in 1996 for violating 18 U.S.C. § 641 by stealing government property valued at less than $100, Derrick Frasier asks the Court to expunge his record. (Doc. 14.) Frasier says he believed that his record was already expunged, but the conviction recently came up during an employment background check. (*Id.* at 1.) He states that "[i]t has been 20 years since this incident and I feel that I have established a pattern of good behavior since then." (*Id.*) The government opposes the motion. (Doc. 15.)

Frasier is unable to invoke habeas corpus. *See, e.g., Carter v. Hardy*, 526 F.2d 314, 315 (5th Cir. 1976) (federal "habeas corpus lies

essentially to challenge illegal restraint; the writ is not available where the sentence challenged has been fully served and is not being used for enhancement purposes."). And federal courts lack the power to expunge a defendant's criminal record except in very unusual circumstances:

> [i]t has been recognized that "[t]here is no specific constitutional or general statutory right to expungement." *United States v. Carson*, 366 F. Supp. 2d 1151, 1154 (M.D. Fla. 2004), citing, *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied*, 523 U.S. 1077, 118 S. Ct. 1523, 140 L.Ed.2d 675 (1998). To the extent the district courts have authority to grant expungement, "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Except in cases of juveniles, the Court is unaware of a court approving the expungement of an adult conviction which was not either set aside or found to be the result of government misconduct. This is so despite the adverse consequences which result from the continued existence of a conviction appearing on the public record. Such consequences do not rise to the level of *extreme circumstances* which will justify expungement of a criminal conviction. *See United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977), *cert. denied*, 425 U.S. 907 (1978). As the court in *Rogers* stated, "[t]he judicial editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers*, 469 F.2d at 1085.

*United States v. Goodrich*, 2008 WL 398950 at * 1 (S.D. Fla. Feb. 12, 2008) (emphasis added; footnotes omitted). The term "extreme circumstances" encompasses things like an unconstitutionally obtained indictment, arrest, and/or conviction. *Allen v. Normand*, 2009 WL

2

2448253 at *11 (E.D. La. Aug. 07, 2009) ("court has the power to expunge records of an unconstitutionally obtained indictment, arrest and/or conviction"). Frasier has not even suggested that his conviction was obtained unlawfully. The Court does not doubt that he has made better life choices since the incident underlying his conviction, but "simply becoming a better person does not allow one to erase h[is] past." *United States v. Woods*, 2013 WL 3189081 at * 3 (S.D. Fla. June 20, 2013). Accordingly, his motion (doc. 14) **DENIED**.

**SO ORDERED** this 24th day of March, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA